UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO C. TOWNSEND,

        Plaintiff,

v.

        CASE NO. 13-11581
        HONORABLE GERALD E. ROSEN

RAMONA M. ROBERTS, EARL E. BORRADAILE,
GEOFFREY L. NEITHERCUT, ARTHUR A. BUSCH,
DAVID S. LEYTON, JOWANNE CARRIGAN,
FRANCIS A. KRCMARIK, PATRICK K. EHLMANN,
P. WILLIAMS O'GRADY, JOSEPH J. FARAH,
and ANDREW C. THOMPSON,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S REQUEST
FOR AN EVIDENTIARY HEARING
AND SUMMARILY DISMISSING HIS COMPLAINT**

**I.  INTRODUCTION**

This matter is pending before the Court on plaintiff Lorenzo C. Townsend's request for an evidentiary hearing and his *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is a state prisoner at Lakeland Correctional Facility in Coldwater, Michigan.  The defendants are: Ramona M. Roberts, Joseph J. Farah, Earl E. Borradaile, and Geoffrey L. Neithercut, who are or were judges in Genesee County, Michigan; Arthur A. Busch and David S. Leyton, who are or were prosecutors for Genesee County; Sergeant Jowanne Carrigan of the Flint Police Department; Francis A. Krcmarik, an attorney in Grand Blanc, Michigan; Patrick K. Ehlmann, an attorney in East Lansing, Michigan; P. Williams O'Grady, a state circuit court judge in Coldwater, Michigan; and Andrew C. Thompson, counsel for Genesee County.

The complaint and exhibits indicate that, in 1994, Plaintiff was charged in a felony

complaint and arrest warrant with two counts of first-degree criminal sexual conduct. Although Plaintiff was arrested and ultimately convicted of the crime, he alleges that the police lacked probable cause to arrest him and that no crime was ever committed. He maintains that the complaint and warrant were obtained by fraud, that the judges, magistrates, prosecutors, police officers, and attorneys involved in his case conspired against him, and that he was falsely arrested and imprisoned for the crime. Plaintiff also contends that his trial attorney, Francis Krcmarik, failed to request a discovery package and that his appellate attorney, Patrick K. Ehlmann, refused to acquire the records that Plaintiff requested. Plaintiff appears to be suing Judge P. Williams O'Grady for denying Plaintiff's state complaint for the writ of habeas corpus in 2013, and he claims that Judge Joseph J. Farah is currently assigned to Plaintiff's civil case against Genesee County Court Administrators.

Plaintiff seeks release from state custody for alleged violations of his Fourth Amendment rights. He also seeks to initiate a criminal action against the defendants under 18 U.S.C. §§ 241-242.

## II.  STANDARD OF REVIEW

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. When an indigent prisoner's "civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief." *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Medical Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory statements will not suffice, and only a complaint that states a claim for relief which is plausible on its face will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### III.  DISCUSSION

#### A.  The Claim for Release from Custody

Plaintiff's complaint is frivolous and fails to state a claim because he seeks release from state custody. A § 1983 action is not the proper remedy for a state prisoner who is challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief

he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500. Furthermore, the Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted). Although Plaintiff is not seeking money damages, *Heck* and progeny "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief) . . . "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

A favorable ruling on Plaintiff's claim that he was falsely arrested and imprisoned would necessarily imply the invalidity of Plaintiff's conviction and sentence. Therefore, Plaintiff's complaint is barred by *Heck*. *See Smithhart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (stating that "*Heck* bars [the plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him" and that the plaintiff could "challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus").[1]

### B. The Claims against Judges, Defense Attorneys, and Courts

---

[1] Sometimes, a Fourth Amendment claim may proceed regardless of whether the underlying conviction has been invalidated, but only if the plaintiff alleges some injury apart from his conviction and imprisonment. *Heck*, 512 U.S. at 487 n. 7. The injury alleged here is Plaintiff's arrest, conviction, and confinement in prison. Consequently, *Heck's* exception for Fourth Amendment claims does not apply.

Plaintiff's claims against Judge Roberts, Judge Borradaile, Judge Neithercut, Judge O'Grady, and Judge Farah are frivolous and fail to state a claim for an additional reason. Judges enjoy immunity from a suit for injunctive relief. *See* 42 U.S.C. §1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). As explained in *Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*), "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).[2]

The claims against defense attorneys Francis A. Krcmarik and Patrick K. Ehlmann are frivolous and fail to state a claim, because defense attorneys, whether retained or appointed by the court, do not act under color of law when performing the traditional functions of counsel to a defendant in a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the court); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (retained attorneys). To the extent that Plaintiff has asserted an independent claim against the state courts in Flint, Michigan, his claims are frivolous because "a state court is not a 'person' within the meaning of that term as used in § 1983." *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)).

### C. The Claim under 18 U.S.C. §§ 241-242

---

[2] Prosecutors, on the other hand, may be used for injunctive relief, *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736 (1980), but the claims against the prosecutors in this case are barred by *Heck*.

Plaintiff seeks to prosecute the defendants under 18 U.S.C. §§ 241-242, but these are criminal statutes; they do not create a private cause of action. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983) . . . ." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). A private citizen generally has no authority to initiate a federal criminal prosecution in his own name. *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*).

### IV.  CONCLUSION

For all the reasons given above, Plaintiff's allegations are frivolous and fail to state a plausible claim for which relief may be granted. Accordingly, the request for an evidentiary hearing (Doc. No. 7) is **DENIED**, and Plaintiff's complaint (Doc. No. 1) is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal is without prejudice to Plaintiff's right to renew his false-arrest claim if his conviction is invalidated by state officials or impugned in a federal habeas corpus petition. *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999) (citing *Heck*, 512 U.S. at 486-87). Finally, an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Dated:  July 15, 2013            s/Gerald E. Rosen
                                 Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 15, 2013, by electronic and/or ordinary mail.

                        s/Julie Owens
                        Case Manager, (313) 234-5135